IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT, SHANNON AKIN and DEBBIE RICHARDS, et al., on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>NORTH AMERICAN INNS, LLC, PAUL D. SHARMA, AND SHAUN B. SHARMA,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:18-CV-00006-LGW-RSB |

## RULE 26(f) REPORT

The following parties or their attorneys held a conference pursuant to Federal Rule of Civil Procedure 26(f) and have discussed the case and conferred to prepare the following Rule 26(f) Report for the above-captioned case:

The Rule 26(f) conference was held on March 26, 2018.

In attendance were:

Tyler B. Kaspers (counsel for Plaintiffs-participated in preparing Rule 26(f) Report);

Howie Slomka and Chris Ray (counsel for Defendants-participated in preparing Rule 26(f) Report); and

Fernando Bustelo (legal assistant: Defense)

    I.    **INITIAL MATTERS**

A. <u>Jurisdiction and Venue</u>

The defendants do not contest jurisdiction and/or venue.

B. <u>Immunity</u>

The defendants will not raise an immunity defense.

C. <u>Stay of Discovery due to Motion to Dismiss:</u>

Not applicable.

II. SETTLEMENT

A. Counsel state that the parties have taken efforts to resolve this dispute and those efforts generally consisted of discussing the merits of the parties' respective positions and the potential for settlement.

B. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution, and the parties are prepared to discuss settlement with the Court at this time. Specifically, the parties believe that a mediation provided by the Court may prove beneficial.

III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE

a. <u>Initial Disclosures</u>

Rule 26(a)(1) disclosures will be completed by April 9, 2018.

b. The parties propose the following dates for a Scheduling Conference:

April 16-20, 2018.

IV. DISCOVERY

a. Fact Based Discovery

      i. Written discovery under Rule 33 through 36 of the Federal Rules of Civil Procedure will be completed by August 7, 2018.

      ii. The maximum number of interrogatories, including subparts, that may be served by any party or on any other part is 25.

      iii. Discovery depositions of witnesses who have not been designated as experts will be completed by August 7, 2018.

      iv. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is ten.

      v. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1).

      vi. Depositions of all witnesses (whether fact or expert) that are *de ben esse deposition* and taken not for discovery but for testimony to be used at trial will be completed no later than one month before trial.

b. Expert Discovery

      i. Expert Reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) shall be served by May 25, 2018.

      ii. Discovery depositions of all witnesses who have been designated as experts will be completed by June 25, 2018.

c. Agreed Discovery Procedures:

      i. <u>Unique Circumstances</u>

          Are there facts or circumstances unique to this case that will make fact discovery more difficult or more time

consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

One named plaintiff is currently incarcerated, but the parties do not anticipate that this will pose an undue burden to discovery in this matter.

  ii. <u>Phased Discovery</u>

  Not applicable.

d. Electronically Stored Information:

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

  1) The parties do not anticipate any disagreements about electronic discovery.

  2) The parties do not anticipate that any special provisions are needed in the Scheduling Order in respect to electronic discovery?

  3) The parties do not otherwise seek to bring any issue regarding electronic discovery to the Court's attention.

e. Privileged, Protected, and/or Confidential Communications and Information

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege,

confidentiality or other protections as required by the Rule 26 Instruction Order.

1) The parties have discussed completing privilege logs for all information designated privileged, and do not anticipate the need for a protective or confidentiality order at this time.

2) There are no terms of any agreement regarding privileged, protected or confidential information that the parties wish to have memorialized in the Scheduling Order.

3) There are no issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement.

f. Protected Health Information

The parties do not anticipate any protected health information will be sought in this case.

V. MOTION DEADLINES

a. Motions to amend the pleadings or to add parties.

i. The plaintiffs anticipate filing a Motion for Conditional Certification no later than May 19, 2018.

b. Other Motions

Neither party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery.

All other motions, excluding motions in limine, but in including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds will be filed by September 7, 2018.

## VI. ADDITIONAL MATTERS

None.

Respectfully submitted, this 6th day of April, 2018.

*/s/ Tyler B. Kaspers*

Tyler B. Kaspers
Ga. Bar No. 445708
The Kaspers Firm, LLC
152 New Street, Suite 109
Macon, Georgia 31201
(404) 944-3128
tyler@kasperslaw.com

Counsel for Plaintiffs

*/s/ Howard Slomka* w/etp by TBK

Howard P. Slomka
Ga. Bar No. 652875
2859 Paces Ferry Rd. SE. Suite 1700
Atlanta, Georgia 30339
hs@myatllaw.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT, SHANNON AKIN and DEBBIE RICHARDS, et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NORTH AMERICAN INNS, LLC, PAUL D. SHARMA, AND SHAUN B. SHARMA,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  5:18-CV-00006-LGW-RSB<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 6, 2018, I filed the foregoing RULE 26(f) REPORT using the Court's CM/ECF system, which will automatically send an electronic copy of this document to:

Howard P. Slomka
2859 Paces Ferry Rd. SE. Suite 1700
Atlanta, Georgia 30339
hs@myatllaw.com

Chris Ray
Oliver Maner LLP
218 West State Street
P.O. Box 10186

Savannah, GA 31412
Cray@olivermaner.com

                                             _____
                                             Tyler B. Kaspers
                                             The Kaspers Firm, LLC
                                             152 New Street, Suite 109
                                             Macon, Georgia 31201
                                             (404) 944-3128
                                             tyler@kasperslaw.com

                                             Counsel for Plaintiffs