IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT, SHANNON AKIN and DEBBIE RICHARDS, et al., on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>PAUL D. SHARMA,<br><br>   *Defendant*. | CIVIL ACTION NO.<br>5:18-CV-00006-LGW-BWC |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

**I.   INTRODUCTION.**

Plaintiffs Edward Scott, Shannon Akin and Debbie Richards (collectively "Plaintiffs") and Defendant Paul Sharma ("Sharma" or "Defendant") hereby move jointly for approval of the Parties' settlement in accordance with applicable law and for dismissal of this matter, without prejudice.

**II.   FACTS.**

Plaintiffs worked in various capacities as Defendant's hotel, located in Douglas, Georgia. In their Complaint, Plaintiffs claim that they were not paid straight pay and overtime compensation under the FLSA. Defendant denies that any such violations occurred and claim that Plaintiffs were not entitled to straight

pay or overtime compensation.

Plaintiffs also allege claims of retaliation resulting from their termination and eviction after complaining about Defendant's pay structure. Defendant denies taking any wrongful actions or that Plaintiffs have any actionable retaliation-related claims.

On September 20, 2018, the parties participated in a mediation with the Honorable Benjamin W. Cheesbro in Waycross, Georgia.

Plaintiffs are seeking approval of the settlement reached with Defendant in the amount of $35,000, representing $23,450.00 in 1099 non-wage damages, and $11,550.00 in attorneys' fees and costs, as reflected in the Settlement Agreement filed concurrently herewith. The attorneys' fees represent an aggregate settlement for all of Plaintiff's claims, and are based upon 35 hours of work at Plaintiffs' counsel's regular rate of $300 per hour rate, plus costs.

## III. THE LEGAL STANDARD ON APPROVAL OF FLSA SETTLEMENTS.

Courts addressing the question of whether, and under what circumstances, the Department of Labor ("DOL") or Court's approval of FLSA settlements is required base their analysis on two Supreme Court cases, *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697 (1945) and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). In *Brooklyn Savings*, the Court held that employees could not waive their rights to full damages and liquidated damages in a private settlement where there was no

bona fide dispute regarding the amount of wages owed. 324 U.S. at 704. In *D.A. Schulte*, the Court barred enforcement of private settlements where the dispute centered on whether an employer is covered under the FLSA. 328 U.S. at 114. Those cases left open the question of whether there can be an enforceable private settlement of FLSA claims where there is a bona fide dispute regarding liability, such as the number of hours worked or the amount due. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2014).

The Eleventh Circuit addressed this question and ruled that private settlements of a bona fide dispute under the FLSA could be enforced only if the district court or DOL first determines that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982);[1] *see also Cheeks*, 796 F.3d at 199 (the Second Circuit held that voluntary dismissals of FLSA claims with prejudice require court or DOL approval). The Fifth Circuit, on the other hand, found that private settlements of bona fide disputes under the FLSA could be enforceable. *Martin v. Spring Break Productions, L.L.C.*, 688 F.3d 247,

---

[1] Although *Lynn's Foods* referenced court approval resulting in a "stipulated judgment," the Eleventh Circuit later clarified that *Lynn's Foods* does not stand for the proposition that a valid settlement of a FLSA claim must take any particular form. *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919-20 (11th Cir. 2013). "It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Id.* (citing *Lynn's Food*, 679 F.2d at 1354).

3

256 (5th Cir. 2012). In *Martin*, the court noted that concerns articulated in *Lynn's Food*, namely, protecting unrepresented workers who were unaware of their FLSA rights, were not implicated because the *Martin* plaintiffs settled a bona fide dispute and were represented by counsel. *Id.* at 256 n.10.

Here, the Parties wish to achieve the finality and enforceability of a court-approved settlement in light of the agreement(s) reached at mediation which are set forth in the Settlement Agreement.

## IV. THE PARTIES ARE RESOLVING A BONA FIDE FLSA DISPUTE.

Approving a settlement requires a determination that the agreement reflects a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354); *see also Curtis v. Scholarship Storage Inc.*, No. 2:14-CV-303-NT, 2016 WL 3072247, at *2 (D. Me. May 31, 2016). Specifically, "the court's role is to ensure that the settlement 'reflect[s] a reasonable compromise over issues…that are actually in dispute," rather than a pure discount on clearly-owed wages." *Curtis*, 2016 WL 3072247 at *2 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355). In determining whether a resolution is fair and reasonable, Courts generally consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Saman*, 2013 WL 2949047, at *3. Where the settlement agreement provides for an award of attorneys' fees, the courts examine whether that amount is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).

Here, the factors weigh in favor of finding that the resolution set forth in the parties' Settlement Agreement is fair and reasonable. The Parties have exchanged discovery in this case which has made clear that any compromise of Plaintiffs' FLSA claim is not a "pure discount on clearly-owed wages." *Curtis*, 2016 WL 3072247 at *2 (citation omitted). While Plaintiffs claim that they are entitled to overtime damages for being misclassified as an independent contractor, Defendant claims that it is exempt from the FLSA. Defendant's position casts doubt on the validity of Plaintiffs' FLSA claims. Given the upcoming expenses of motions practice and preparation for trial, it makes sense for the Parties to re-evaluate the strength of their position at this stage of the arbitration. The produced evidence makes clear that the Parties' compromise is a reasonable attempt to efficiently dispose of this case and not an attempt by Defendant to unfairly pressure Plaintiffs into accepting a discount on wages.

In relation to the third factor, "[i]n the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred." *Winingear v. City of Norfolk*, No. 2:12-cv-560, 2014 U.S. Dist. LEXIS 97392, at *13 (E.D. Va. July 14, 2014). Neither party asserts there is any evidence of fraud regarding the Parties' settlement. *Compare Singleton*, 146 F. Supp. 3d at 261 (stating that the Court found no reason to suspect fraud or collusion).

Further, Plaintiffs' counsel is of sufficient quality and experience to negotiate a fair and reasonable settlement. Plaintiff's counsel's experience includes over ten years of practicing law, specializing in labor and employment litigation on behalf of companies and individuals, and he has zealously advocated for his client's interests both in discovery and during settlement negotiations. As a result, Plaintiff's adversarial interests have been adequately represented. *See Curtis*, 2016 WL 3072247 at *3 (noting that counsel was "effective in their advocacy of settlement and responsive to [the court's] inquiries during the settlement process" and that counsel "committed time and resources to this suit," all of which favors settlement approval). Counsel is of the opinion that the proposed settlement represents a fair and reasonable settlement of a bona fide dispute.

With regard to relative chances of success, the exchanged discovery and counsel's discussion have permitted both Parties were able to make informed,

specific assessments of their respective cases and very educated evaluations of the value of the claims and the risks of proceeding with their cases through hearing. As a result of this exchanged information and discussions, each side was able to make informed decisions and determine the appropriate amount to resolve the case in lieu of proceeding with the further time, expense inconvenience, risk and uncertainty of further litigation of the claims. *See Curtis*, 2016 WL 3072247 at *3 (stating that when settlement accounts for the risks and costs associated with continued litigation, the factor weighs in favor of approval). Therefore, the settlement is an informed resolution, with the Parties having "sufficient information about the strengths and weaknesses of the claims at issue to make informed decisions about settlement." *Id.* at *2. The settlement amount agreed upon reflects a compromise by all Parties.

Finally, given that Plaintiffs' counsel drafted a Complaint, an Amended Complaint, the Parties exchanged discovery, and that the Parties engaged in extensive settlement discussions, including a mediation, and in light of Plaintiff's counsel's experience discussed above, an award of $11,550 in attorneys' fees and costs, which amounts to thirty-five hours of work under Plaintiff's counsel's typically hourly rate of $300, plus costs, is reasonable in this case.

## V. CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the settlement of Plaintiffs' wage claims.[2]

This 17th day of October, 2018.

| | |
|---|---|
| /s/_____ | /s/_____ |
| Tyler Kaspers, Ga Bar No. 445708 | Howard P. Slomka |
| The Kaspers Firm, LLC | Ga Bar No. 652875 |
| 152 New Street, Suite 109B | 2859 Paces Ferry Rd. SE, Ste. 1700 |
| Macon, Georgia 31201 | Atlanta, Georgia 30339 |
| tyler@kaspersfirm.com | hs@myatllaw.com |
| | |
| Counsel for Plaintiffs | Counsel for Defendants |

---

[2] A Proposed Order is attached hereto as "Exhibit 1."

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT, SHANNON AKIN and DEBBIE RICHARDS, et al., on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SHAUN B. SHARMA,<br><br>    *Defendant*. | CIVIL ACTION NO.<br>5:18-CV-00006-LGW-BWC |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of October, 2018, I electronically filed the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT with the Clerk of the Court by using the Court's CM/ECF system, which will automatically serve this document to the following attorney of record:

Howard P. Slomka
2859 Paces Ferry Rd. SE, Ste. 1700
Atlanta, GA 30339
hs@myatllaw.com

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128
tyler@kaspersfirm.com

9