IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| EDWARD SCOTT and DEBBIE RICHARDS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL D. SHARMA, <br><br> Defendant. | CIVIL ACTION NO.: 5:18-cv-6 |

**O R D E R**

This matter is before the Court on the Parties") Joint Motion for Approval of Settlement. (Doc. 35). For the reasons and in the manner which follow, the Court **GRANTS** the Parties' Motion and **DISMISSES** this matter **WITHOUT PREJUDICE.**

**BACKGROUND**

Plaintiffs filed suit against Defendants pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("the FLSA"), alleging Defendants deprived Plaintiffs of their lawful regular and overtime wages. (Doc. 1 at 1–2). Defendants generally denied Plaintiffs' claims. (Doc. 10). The Court issued a Scheduling Order on April 16, 2018, (doc. 14), and the parties consented to the Magistrate Judge's jurisdiction the following day, (docs. 16, 17). After exchanging discovery, the Parties agreed to participate in a Court-assisted settlement conference. (Doc. 26). As a result of the settlement conference, the parties were able

to agree in principle to terms of settlement. The Court now addresses the Parties' post-settlement Motions.

**DISCUSSION**

The Parties reached a settlement in this case as a result of their participation in Court-assisted mediation. (Docs. 29, 31). The Parties seek the Court's approval of their settlement and the dismissal of this cause of action.

The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because employees and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Id.

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Id. The Parties seek Court approval of their settlement agreement via the second option.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA

issues.  Id. at 1354–55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  District courts are accorded discretion in deciding whether to approve FLSA settlement agreements, and the Eleventh Circuit has declined to curtail that discretion by imposing categorical rules regarding settlement agreement provisions.  Rodrigues v. CNP of Sanctuary, LLC., 523 F. App'x 628, 629 (11th Cir. 2013).

Upon review of the pleadings in this case and having heard Plaintiffs' claims and Defendants' defenses to those claims, the Court finds the Parties' agreement to resolve this case is a just, fair, and reasonable resolution of the matters of bona fide dispute.  The Parties contest many legal and factual aspects of this case, and there are bona fide disputes over FLSA provisions, including FLSA coverage and the amount of backpay.  The settlement agreement represents a reasonable compromise of the Parties' disputes.  Thus, the Court:

1. **GRANTS** the Parties' Joint Motion for Approval of Settlement Agreement;

2. **APPROVES** the form of the Settlement Agreement;

3. **APPROVES** the monetary distribution at to Plaintiffs and Plaintiffs' counsel and **ORDERS** Defendants to make payments, as set forth in the Settlement Agreement;

4. **GRANTS** the Parties' Motion to Dismiss; and

5. **DISMISSES** this case **WITHOUT PREJUDICE**, with each party bearing his or her own costs and attorney's fees, except as provided in the Parties' Settlement Agreement.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** the Parties' Joint Motion for Approval of Settlement Agreement and **APPROVES** the Parties' Settlement Agreement. The Court **DISMISSES WITHOUT PREJUDICE** this cause of action and **DIRECTS** the Clerk of Court to **CLOSE** this case. However, the Court **RETAINS** jurisdiction over this case to ensure the terms of the Settlement Agreement are fulfilled.

**SO ORDERED**, this 7th day of December, 2018.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA