IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 10:14 am, Mar 13, 2019

EDWARD SCOTT; and DEBBIE
RICHARDS, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

PAUL D. SHARMA,

    Defendant.

CIVIL ACTION NO.: 5:18-cv-6

## ORDER

This matter is before the Court on Plaintiffs' Notice of Contempt and Breach of Settlement Agreement and Emergency Motion for Specific Performance and Incorporated Memorandum in Support, as amended, docs. 43, 44. After careful consideration, the Court **DENIES** Plaintiffs' Motion.

## BACKGROUND

Plaintiffs (along with former Plaintiff Akin) originally filed this action in January 2018 alleging that Defendants deprived Plaintiffs of regular and overtimes wages, in violation of § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA").[1] Doc. 1. On September 20, 2018, the parties in this case reached a settlement agreement. Doc. 35 at 2. As part of the agreement, Plaintiffs agreed to voluntarily dismiss their claims against Defendants Shaun Sharma and North American Inns, LLC. Docs. 33, 40. The terms of the settlement agreement required Defendant

---

[1] The Court previously dismissed the claims brought by Plaintiff Shannon Akin due to her failure to prosecute and failure to comply with Court Orders. Doc. 39. While North American Inns and Shaun Sharma are no longer parties to this action, doc. 33, for purposes of this Order only, the Court will refer to them as Defendants.

Paul Sharma, the only remaining Defendant, to begin making payments to Plaintiffs on December 17, 2018. Doc. 43 at 2. Any breach of the agreement, including a single missed payment, required an acceleration of settlement payments, rendering the entire unpaid amount due immediately. Id. at 3.

On October 17, 2018, the parties filed three settlement-related motions with the Court, two of which are relevant here. Docs. 33, 35. The parties first filed a joint notice of dismissal that voluntarily dismissed without prejudice Plaintiffs' claims against Defendants North American Inns, LLC and Shaun Sharma. Doc. 33. The parties then submitted a joint motion for approval of settlement.[2] Doc. 35. On December 7, 2018, this Court entered an Order directing the clerk to dismiss Defendants North American Inns, LLC and Shaun Sharma, doc. 40, as well as an Order approving the settlement agreement between Plaintiffs Scott and Richards and Defendant Paul Sharma, doc. 41. The Court closed the case but retained jurisdiction over the action "to ensure the terms of the Settlement Agreement are fulfilled." Doc. 41.

Defendant Paul Sharma failed to make the first required payment under the Settlement Agreement on December 17, 2018. Doc. 44 at 2–3. The next day, Plaintiffs filed their first Notice and Emergency Motion, doc. 43, which they amended two days later after learning Defendant Paul Sharma intended to file bankruptcy, doc. 44 at 3.[3] Through their Motion, as amended, Plaintiffs request: (1) the Court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, set aside its two December 7, 2018 Orders, docs. 40, 41, approving the settlement and dismissing Plaintiffs' claims against Defendants Shaun Sharma and North American Inns, LLC,

---

[2]   Before moving for approval of the settlement agreement, the parties filed a joint motion to seal the settlement agreement, doc. 34, which this Court granted, doc. 38.

[3]   Defendant Paul Sharma, proceeding pro se, filed for bankruptcy in the Southern District of Georgia on December 28, 2018. In re Sharma, No. 18-50833 (S.D. Ga. Dec. 28, 2018).

or, alternatively, (2) the Court order specific performance of the settlement agreement—here, immediate payment of the entire amount due; (3) the Court order Defendants be incarcerated or fined for non-compliance, including a $200 fine per day beginning on December 17, 2018; and (4) the Court award $1,800 in attorney's fees.  Doc. 43 at 7–8; Doc. 44 at 11–12.  According to Plaintiffs, additional sanctions are warranted because of the consequences of the missed payment—Plaintiff Richards, unable to pay her rent, "was rendered homeless," and Plaintiff Scott, who was relying on the settlement payment to post bond in a criminal case, remained incarcerated.  Doc. 44 at 8.  Defendants argue the facts of the case do not warrant such sanctions, as Defendant Paul Sharma's bankruptcy filing shows that he is financially unable to comply with payments and does not demonstrate a deliberate or improper attempt to avoid payments.  Docs. 45, 47.

In a telephonic status conference held before this Court on January 7, 2019, Plaintiff conceded that the automatic stay resulting from Defendant Paul Sharma's ongoing bankruptcy proceeding prevents the Court from sanctioning him for contempt or ordering he specifically perform.  Doc. 47.  Plaintiffs also agreed that, should the settlement and dismissal orders be set aside, the action could only, at most, proceed against Defendants North American Inns, LLC and Shaun Sharma.  Id.  While Plaintiffs suspect Defendants entered the settlement agreement with no intention of paying (due to the timing of the bankruptcy filing and the lack of notice of the impending bankruptcy to Plaintiffs), Plaintiffs admit that there is no evidence to prove their suspicions.  Id.

Nonetheless, Plaintiffs still request the Court impose attorney's fees and set aside the settlement and dismissals regarding the two dismissed Defendants pursuant to Rule 60(b)(6).

According to Plaintiffs, setting aside the dismissal will promote judicial efficiency by allowing the current action to continue and avoiding the time and costs of refiling and starting anew.

During the telephonic conference, Defendant Paul Sharma did not argue that the automatic bankruptcy stay prevents the Court from setting aside the settlement agreement as to Defendants North American Inns, LLC or Shaun Sharma. Rather, Defendant asserts that Plaintiffs' request is not proper under Rule 60(b) and claims that such relief would be inappropriate, as Plaintiffs released Defendants North American Inns, LLC and Shaun Sharma from their obligations as part of the settlement agreement.

## DISCUSSION

**I.   Plaintiffs' Request to set Aside the Court's December 7, 2018 Orders**

Rule 60(b) of the Federal Rules of Civil Procedure outlines six grounds on which courts may relieve parties from final judgments. Fed. R. Civ. P. 60(b). Plaintiffs agree their request does not fall into the first five enumerated grounds and seek relief under Rule 60(b)(6), the "catch-all" category, which allows final judgments to be set aside for "any other reason that justifies relief." See Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citing Ritter v. Smith, 811 F.2d 1398, 1399 (11th Cir. 1987)); see also Rismed Oncology Sys., Inc. v. Baron, 638 F. App'x 800, 807 (11th Cir. 2015) (noting that relief under Rule 60(b)(6) must be premised on reasons not included in any of the other five grounds for relief). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006); Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy."). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722

4

F.2d 677, 680 (11th Cir. 1984); Galbert, 715 F.3d at 1294.   Meeting this high standard of showing sufficiently extraordinary circumstances is merely the first step—even in the most novel of circumstances, the decision is still left to the court's discretion.   Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000); Griffin, 722 F.2d at 680 (Rule 60(b) motions "should be construed in order to do substantial justice . . . but this does not mean that final judgments should be lightly reopened.").

Here, circumstances are not sufficiently extraordinary so as to justify setting aside the Court's Orders.   First, Plaintiffs admit they have no evidence of bad faith or fraudulent acts or inducement on behalf of any Defendant.   Arango v. City of Margate, 367 F. App'x 60, 60 (11th Cir. 2010) (remanding to determine whether the evidence submitted by the plaintiff demonstrated extraordinary circumstances under Rule 60(b)(6) when the plaintiff argued the defendant entered into a settlement agreement in bad faith).   Absent such evidence, the only grounds supporting Plaintiffs' request are Defendant Paul Sharma's alleged breach of the settlement agreement and the resulting consequences on Plaintiffs.   However, these are not the types of extreme and unexpected hardships which justify reopening a final judgment.   See, e.g., Cont'l Cas. Co. v. HealthPrime, Inc., No. 1:07-CV-02512, 2015 WL 533246, at *2 (N.D. Ga. Feb. 9, 2015) (noting that Rule 60(b) (6) cannot be used as a vehicle to enforce a settlement agreement after an action is dismissed because breach does not constitute an extreme or extraordinary circumstance warranting relief).

In making this finding, the Court does not ignore the impacts Defendant Paul Sharma's failure to pay has had on Plaintiffs, nor is it unsympathetic to those hardships.   Homelessness and prolonged incarceration are indeed extreme impacts.   However, these hardships would not be diminished by Plaintiffs' requested relief, which is critical to a Rule 60(b)(6) analysis.

Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015) ("To warrant relief under Rule 60(b)(6), not only must Plaintiffs show 'sufficiently extraordinary' circumstances, but also 'that *absent such relief,* an 'extreme' and 'unexpected' hardship will result.'" (quoting Galbert, 715 F.3d at 1294–95) (emphasis added)).  Even if the Court granted Plaintiffs' requested relief, there is no guarantee as to how long the litigation would take or whether the case would resolve in Plaintiffs' favor.  Given the exigencies of the hardships described by Plaintiffs, an order setting aside the Court's two December 7, 2018 Orders would provide little, if any, relief.

Moreover, the possibility that Defendant Paul Sharma would fail to perform under the settlement agreement was not an unforeseen possibility.  As part of the negotiated agreement, Plaintiffs chose to dismiss their claims against Defendants North American Inns, LLC and Shaun Sharma and to collect payments only from Defendant Paul Sharma.  The parties contemplated that Defendant Paul Sharma might breach the agreement, and, therefore, negotiated and agreed that, if a breach occurred, all payments under the agreement would immediately come due. Doc. 43 at 3.  This is not a case where unknown facts resulted in such an extreme and unexpected outcome that the Court would not have approved the original settlement agreement had it known at the time.  See Dominguez v. Circle K Stores, Inc., No. 11-23196-CIV, 2013 WL 4773629, at *5 (S.D. Fla. Sept. 4, 2013) (setting aside a settlement agreement which unintentionally terminated Plaintiffs' lifetime benefits previously awarded to her in a worker's compensation action when the court would not have approved the settlement agreement had it been aware of this unexpected impact).  Thus, the Court **DENIES** this portion of Plaintiffs' Amended Motion.

## II.     Plaintiffs' Request for Attorney's Fees

Plaintiffs request $1,800 in attorney's fees to compensate for the six hours of additional time counsel spent on this action after Defendant Paul Sharma's failure to pay.   However, as Plaintiffs admit, the bankruptcy stay prevents the Court from imposing additional fines or sanctions on Defendant Paul Sharma.   Plaintiffs do not explain why additional payments for attorney's fees would not also be barred.   Moreover, without a showing of fraud or bad faith, Plaintiffs' request essentially asks this Court to sanction Defendant Paul Sharma for filing a bankruptcy petition because he could not afford the payments agreed to under the settlement agreement.   The Court, therefore, **DENIES** this request.

## CONCLUSION

For the above-stated reason, the Court **DENIES** Plaintiffs' Motion, as amended, docs. 43, 44.

**SO ORDERED**, this 13th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA